YING PING XU, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 02–4688–ag(L), 03–40348–ag(CON).

United States Court of Appeals, Second Circuit.

July 13, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

James R. Dedrick, Acting United States, Attorney for the Eastern District of Tennessee; Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Ying Ping Xu, a native and citizen of the People's Republic of China, seeks review of an October 1, 2002 order of the BIA affirming the April 29, 1999 decision of Immigration Judge ("IJ") Mitchell Levinsky denying his application for asylum and withholding of deportation. *In re Ying Ping Xu,* No. A70 169 910 (B.I.A. Oct. 1, 2002), *aff'g* No. A70 169 910 (Immig. Ct. N.Y. City Apr. 29, 1999). In a consolidated petition, Xu seeks review of a July 28, 2003 order of the BIA denying his motion to reopen. *In re Ying Ping Xu,* No. A70 169 910 (B.I.A. July 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

*Asylum and Withholding of Deportation*

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility finding is supported by substantial evidence. Xu argues that the IJ should not have relied on inconsistencies between his testimony and his original asylum application, because Xu explained that another person had incorrectly prepared it, and because Xu amended it. *See Zhi Wei Pang v. BCIS,* 448 F.3d 102, 108 (2d Cir.2006). However, the applicant is presumed to know what is said in a signed application. 8 C.F.R.

§ 1208.3(c)(2). In any event, the IJ's decision was adequately supported by other non-erroneous findings, including Xu's demeanor and the absence of detail in his testimony about his wife's alleged sterilization. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334–35 n. 14 (2d Cir.2006). We afford substantial deference to the IJ's demeanor-related findings. *See Zhou Yun Zhang*, 386 F.3d at 73. Moreover, a failure to corroborate may bear on credibility if the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has been called into question. *See id.* at 78. Here, Xu failed to explain why he failed to present additional evidence which could have corroborated his claims, such as medical records from the United States. Moreover, the IJ was not required to credit Xu's explanations for his failure to produce his wife to testify. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The IJ also noted a discrepancy in Xu's testimony regarding the date of his wife's sterilization.

Because the only evidence of a threat to Xu's life or freedom depended upon his credibility, the IJ's adverse credibility determination necessarily precludes success on his claims for both asylum and withholding of deportation. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

*Motion to Reopen*

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted).

The BIA may deny a motion when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). However, Xu's only submission on his motion to reopen was the Aird affidavit, and Xu did not explain how the Aird affidavit applied to claims that his wife had already been sterilized. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). To the extent that Xu argues that his proceedings should have been reopened in the interest of justice, this Court lacks jurisdiction to review the BIA's discretionary decisions. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any pending motion for a stay of removal is DISMISSED as moot.